**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION and NATIONAL FOOTBALL LEAGUE PLAYERS INCORPORATED, | ) ) ) ) ) | Civil Action No. 3:26-cv-00374-REP |
| Plaintiffs, | ) ) | **DEMAND FOR JURY TRIAL** |
| v. | ) ) ) | |
| LEAF TRADING CARDS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT LEAF TRADING CARDS, LLC'S**
**ANSWER TO THE COMPLAINT**

Defendant Leaf Trading Cards, LLC ("Leaf"), through its undersigned counsel, hereby

answers the Complaint of Plaintiffs National Football League Players Association ("NFLPA") and

National Football League Players Incorporated ("NFLPI") (together, "Plaintiffs"), as follows:

Each numbered paragraph in this Answer responds to the identically numbered Paragraph

in Plaintiffs' Complaint.  Leaf denies all allegations, declarations, claims, or assertions in the

Complaint that are not specifically admitted in this Answer.

**INTRODUCTION**

1.      Leaf admits that Plaintiffs brought this action against Leaf.  Leaf denies the

remaining allegations of Paragraph 1 of the Complaint.

2.      Leaf is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 2 of the Complaint and, thus, denies the same.

3.      Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, thus, denies the same.

4.      Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, thus, denies the same.

5.      Leaf admits that it is a private limited liability company.  Leaf denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of Paragraph 6 of the Complaint and, thus, denies the same.  Leaf admits that it does not hold a license for Group Players Rights from Plaintiffs.  Leaf denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Leaf denies the allegations of Paragraph 7 of the Complaint.

8.      Leaf denies the allegations of Paragraph 8 of the Complaint.

**PARTIES**

9.      Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, thus, denies the same.

10.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, thus, denies the same.

11.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, thus, denies the same.

12.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, thus, denies the same.

13.     Leaf admits that it is a limited liability company organized under the laws of Texas. Leaf denies the remaining allegations of Paragraph 13 of the Complaint.

2

## JURISDICTION AND VENUE

14.     Paragraph 14 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

16.     The first sentence of Paragraph 16 contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied. Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 16 of the Complaint and, thus, denies the same.  Leaf admits that it is a limited liability company organized under the laws of the State of Texas.  Leaf denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

18.     Paragraph 18 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

19.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, thus, denies the same.

20.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, thus, denies the same.

21.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, thus, denies the same.

3

22.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, thus, denies the same.

23.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, thus, denies the same.

24.     Leaf is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, thus, denies the same.

25.     Leaf denies the allegations of Paragraph 25 of the Complaint.

26.     Leaf admits that it released its "2025 Leaf Trinity Football" and "2025 Leaf Eclectic Signature Series Football" trading card sets in December 2025.  Leaf denies the remaining allegations of Paragraph 26 of the Complaint.

27.     Leaf admits that it released its "2026 Leaf PayDirt Football" trading card set in February 2026.  Leaf denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Leaf admits that it released its "2026 Leaf Metal Football" trading card set in March 2026.  Leaf denies the remaining allegations of Paragraph 28 of the Complaint.

29.     Leaf admits that on or around May 1, 2026, when the Complaint was filed, Leaf's website may have stated that the release of its "2026 Leaf Spectacular Football" and "2026 Leaf Optichrome Football" trading card sets were scheduled for May 2026.  Leaf denies the remaining allegations of Paragraph 29 of the Complaint.

30.     Leaf denies the allegations of Paragraph 30 of the Complaint.

31.     Leaf admits that it received the letter attached as Exhibit 1 to the Complaint, the content of which speaks for itself.  Leaf also admits that it sent the letter attached as Exhibit 2 to the Complaint, the content of which speaks for itself.  Leaf denies the allegations in the first and second sentences of Paragraph 31 of the Complaint to the extent that they mischaracterize the

4

contents of Exhibits 1 and 2. Leaf denies the remaining allegations of Paragraph 31 of the Complaint.

32. Leaf is without knowledge or information sufficient to form a belief as to what knowledge is held by other trading card companies and other businesses that license rights from the Players Association and, thus, denies the same. Leaf denies the remaining allegations of Paragraph 32 of the Complaint.

33. Leaf is without knowledge or information sufficient to form a belief as to what diligence Plaintiffs purportedly conducted and, thus, denies the same. Leaf admits that it uses certain football players in its trading card sets. Leaf is without knowledge or information sufficient to form a belief as to whether such football players constitute "Players" subject to "Group Player Rights," as those terms are defined by Plaintiffs and, thus, denies the same. Leaf denies the remaining allegations of Paragraph 33 of the Complaint.

34. Leaf is without knowledge or information sufficient to form a belief as to whether Plaintiffs (and not individual players) can authorize the use of the Group Player Rights and, thus, denies the same. Leaf denies the remaining allegations of Paragraph 34 of the Complaint.

35. Leaf admits that it received the letter attached as Exhibit 3 to the Complaint, the content of which speaks for itself. Leaf denies the remaining allegations of Paragraph 35 of the Complaint to the extent that they mischaracterize the contents of Exhibit 3.

36. Leaf admits that it sent the response attached as Exhibit 4 to the Complaint, the content of which speaks for itself. Leaf denies the remaining allegations of Paragraph 36 of the Complaint to the extent that they mischaracterize the contents of Exhibit 4.

37. Leaf denies the allegations of Paragraph 37 of the Complaint.

5

38.    Leaf admits that its "2025 Leaf Trinity Football," "2025 Leaf Eclectic Signature Series Football," "2026 Leaf PayDirt Football," "2026 Leaf Metal Football," "2026 Leaf Spectacular Football," and "2026 Leaf Optichrome Football" trading card sets appear on Leaf's website, the content of which speaks for itself.  Leaf denies the allegations in Paragraph 38 of the Complaint to the extent that they mischaracterize the contents of Leaf's website.  Leaf denies the remaining allegations of Paragraph 38 of the Complaint.

39.    Leaf denies the allegations of Paragraph 39 of the Complaint.

40.    Leaf is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint and, thus, denies the same.

41.    Leaf is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint and, thus, denies the same.

42.    Leaf denies the allegations of Paragraph 42 of the Complaint.

## COUNT I

### (False Endorsement Under the Lanham Act, 15 U.S.C. § 1125(a))

43.    Leaf incorporates by reference its responses to Paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44.    Leaf is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint and, thus, denies the same.

45.    Paragraph 45 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

46.    Leaf denies the allegations of Paragraph 46 of the Complaint.

47.    Paragraph 47 of the Complaint contain legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

48.     Leaf denies the allegations of Paragraph 48 of the Complaint.

49.     Leaf denies the allegations of Paragraph 49 of the Complaint.

50.     Leaf denies the allegations of Paragraph 50 of the Complaint.

51.     Leaf denies the allegations of Paragraph 51 of the Complaint.

52.     Leaf denies the allegations of Paragraph 52 of the Complaint.

53.     Leaf denies the allegations of Paragraph 53 of the Complaint.

## COUNT II

### (Misappropriation of Rights of Publicity in Violation of Va. Code § 8.01-40 *et seq.*)

54.     Leaf incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint, as if fully set forth herein.

55.     Leaf is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint and, thus, denies the same.

56.     Leaf is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Complaint and, thus, denies the same.

57.     Leaf denies the allegations of Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, the allegations are denied.

### PRAYER FOR RELIEF

Leaf denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, and each cause of action contained therein, fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or acquiescence.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no actual harm or damage.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there is no likelihood of confusion.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any purported false endorsement was not material and/or did not and will not affect customers' purchasing decisions.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Leaf has valid and enforceable licenses from the asserted players, or otherwise obtained their express and/or implied consent or other written permission, to use their names and/or likenesses.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs seek to enforce claimed player rights that Plaintiffs do not possess, that exceed the scope of Plaintiffs' purported player rights, and/or that extend beyond what is allowed by law.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported Group Player Rights held by Plaintiffs are invalid and/or unconscionable, including, without limitation, based on scope and term.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported Group Player Rights that Plaintiffs seek to enforce against Leaf harm the asserted players.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported Group Player Rights that Plaintiffs seek to enforce against Leaf interfere with valid and enforceable agreements between Leaf and the asserted players.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' conduct is anticompetitive and/or violates the antitrust laws.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there is no private right of action for the alleged misconduct.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Leaf did not use the asserted players' names and/or likenesses in a manner that violates Va. Code § 8.01-40 *et seq*.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by estoppel and/or unclean hands.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Leaf's alleged actions were not the legal and proximate cause of Plaintiffs' harm.

## ADDITIONAL DEFENSES

Leaf reserves the right to amend its Answer and plead additional or more specific defenses as warranted by facts discovered during the course of this action.

## LEAF'S PRAYER FOR RELIEF

WHEREFORE, Defendant Leaf Trading Cards, LLC, having fully responded to Plaintiff's Complaint, respectfully requests that the Court:

(1)   Dismiss the Complaint, including all causes of action contained therein, in its entirety with prejudice;

(2)   Find that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a);

(3)   Award Leaf its reasonable attorneys' fees, expenses, and costs, pursuant to 15 U.S.C. § 1117(a) and other applicable law; and

(4)   Grant such other and/or further relief as the Court deems just and equitable.

## JURY DEMAND

Leaf demands a trial by jury on each and every claim and defense so triable.

Dated:  July 6, 2026

Respectfully submitted,

**LEAF TRADING CARDS, LLC**

By:  /s/ *Matthew L. Devendorf*
     Matthew L. Devendorf (VSB No. 90670)
     NIXON PEABODY LLP
     799 9th Street, N.W., Suite 500
     Washington, D.C. 20001
     Tel: (202) 585-8632
     Fax: (202) 585-8080
     mdevendorf@nixonpeabody.com

     Jason C. Kravitz (*pro hac vice requested*)
     Gina M. McCreadie (*pro hac vice requested*)
     Nixon Peabody LLP
     Exchange Place
     53 State Street
     Boston, Massachusetts  02109

     *Counsel for Defendant Leaf Trading Cards, LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I caused a true and correct copy of the foregoing DEFENDANT LEAF TRADING CARDS, LLC'S ANSWER TO THE COMPLAINT to be electronically filed with the Clerk of Court for the Eastern District of Virginia, Richmond Division, using the Court's CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

 /s/ Matthew L. Devendorf            
Matthew L. Devendorf
